IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCANSOURCE, INC., | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 04-4271 |
| DATAVISION-PROLOGIX, INC., | : | |
| PAUL J. SPEESE, and | : | |
| EDWARD BARR, | : | |

**SURRICK, J.**                                                                                                                  **APRIL   8  , 2009**

<u>**MEMORANDUM & ORDER**</u>

Presently before the Court are the Motion of Plaintiff ScanSource, Inc. for Leave to Amend Verified Complaint Pursuant to Fed. R. Civ. P. 15(a) (Doc. No. 18), and the Motion of ScanSource, Inc. for Leave To Further Amend Its Verified Complaint Pursuant to Fed. R. Civ. P. 15(a). (Doc. No. 21.) For the following reasons, Plaintiff's Motions will be granted.

**I.     BACKGROUND**

Plaintiff ScanSource filed its Verified Complaint on September 9, 2004, in which it made four claims: breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation. (Doc. No. 1.) Plaintiff named as defendants Datavision-Prologix, Inc., Paul J. Speese, and Edward Barr. (*Id.*) Plaintiff sought actual and punitive damages. (*Id.*)

On November 29, 2004, and December 1, 2004, Defendants Speese and Barr each moved to dismiss Count III (fraud) and Count IV (negligent misrepresentation). (Doc Nos. 7, 8.) On April 26, 2005, we granted these motions. (Doc. No. 17.) On December 13, 2004, Defendant Datavision had "failed to plead or otherwise defend" and the Clerk of Court entered a default

against Datavision pursuant to Fed. R. Civ. P. 55(a).  Plaintiff moved for a default judgment against Datavision on January 21, 2005.  The Motion was unopposed.  On March 2, 2005, judgment was entered in the amount of $1,480,932.34, in favor of Plaintiff ScanSource and against Defendant Datavision. (Doc. No. 16.)

Following the entry of default judgment, Plaintiff conducted discovery in aid of execution. (Doc. No. 21 at 2.)  Plaintiff served subpoenas on several third parties and served Defendants with document requests. (*Id.*)  On the basis of the discovery received, Plaintiff now claims to have new evidence against the existing Defendants as well as evidence implicating a new defendant.  Plaintiff requests leave to file an amended complaint.

## II.    LEGAL ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading. . . .  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  Courts "have shown a strong liberality . . . in allowing amendments under Rule 15(a)." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (*citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981), *cert. denied*, 455 U.S. 1018 (1982)).  However, "the policy favoring liberal amendment of pleadings is not . . . unbounded."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990).  In applying Rule 15(a), the Third Circuit has held that "[a] district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party."  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272-73 (3d Cir. 2001) (*citing Foman v. Davis*, 371

U.S. 178, 182 (1962)).

The Third Circuit has further instructed that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel*, 886 F.2d at 652 (*citing Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)). "A mere claim of prejudice is not sufficient; there must be some showing that [the non-moving party] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Dole*, 921 F.2d at 488 (internal citations omitted).

### A.   Additional Allegations Against Defendant Datavision Following Entry of Default Judgment

Plaintiff seeks leave to add allegations based on additional evidence recently procured in discovery. These allegations specifically relate to the express misdeeds of Defendant Datavision. Plaintiff avers that it seeks leave to amend its pleadings "simply . . . to conform to evidence recently adduced in discovery." (Doc. No. 18 at 9.)

Counts I and II of both the Verified Complaint and of the proposed First Amended Complaint are brought against Defendant Datavision alone. Count III of both the Verified Complaint and the proposed First Amended Complaint is brought against all Defendants, including Datavision. Count IV of the Verified Complaint was brought against all Defendants, including Datavision. Plaintiff has not included an amended version of the original Count IV of the Verified Complaint in the proposed First Amended Complaint but rather has substituted a new Count IV that applies just to Defendant Speese.

On December 13, 2004, after Defendant Datavision failed to respond to the claims against it in the Verified Complaint, a default was entered against it pursuant to Rule 55(a). As

referenced above, a default judgment was entered on March 2, 2005.  (Doc. No. 16.)[1]

Generally, a default judgment is a final judgment.  *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 258-59 (1995).  "The liberal standard announced in Fed. R. Civ. Proc. 15(a) becomes less flexible after a final judgment is entered."  *Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001).  Once a final judgment is entered, Rules 59 and 60 of the Federal Rules of Civil Procedure require that the judgment be vacated or set aside before an amendment can be made.[2]  *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002).  However, Fed. R. Civ. P. 54(b) provides:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this case, the order granting default judgment did not terminate all parties or claims.  *See, e.g.*, *Carter v. City of Phila.*, 181 F.3d 339, 343 (3d Cir. 1999) ("Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a

---

[1] The motion for default judgment filed by Plaintiff under Fed. R. Civ. P. 55(b) requested liquidated damages in the amount of $1,324,434.89 for monies owed to Plaintiff by Defendant Datavision for goods shipped, but not paid for, plus costs incurred by Plaintiff in prosecuting its claims, interest accrued on the late payments, and attorneys' fees.  Judgment was entered as requested.

[2] We note that under Rule 60(b), courts are afforded some discretion in granting relief from a final judgment or order.  *See* Fed. R. Civ. P. 60(b)(2) (providing for relief when "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for new trial under Rule 59(b)); Fed. R. Civ. P. 60(b)(6) (permitting courts to relieve a party from final judgment for "any other reason that justifies relief").

'final' order."). Moreover, it did not provide that there was "no just reason for delay." Accordingly, under Rule 54(b), the default judgment was not final and is subject to revision.

In the First Amended Complaint, Plaintiff does not appear to revise Count I of the Verified Complaint. The claim in Count II of the proposed First Amended Complaint is identical to the claim in the Verified Complaint, but the background information given in the proposed First Amended Complaint significantly supports and clarifies the claim. (*See, e.g.*, Doc. No. 22, Ex. 1 ¶¶ 49-50, 54-55.) The proposed revised Count III includes new and more detailed allegations of fraudulent misrepresentation and reliance than appeared in the Verified Complaint. Count III of the proposed First Amended Complaint makes no substantial changes in the claims brought against any of the defendants as compared to Count III of the Verified Complaint; however, it does plead the facts with more specificity. Count III also adds a new Defendant, Terrence P. O'Neill, Executive Vice President of Datavision.

As discussed above, the Third Circuit has interpreted Rule 15(a) so as to liberally permit amendments unless there is undue delay or bad faith by the plaintiff or unless the opposing party will suffer prejudice. *See Cureton*, 252 F.3d at 272-73. In this matter, Plaintiff asserts that the newly acquired evidence that forms the basis for the amendments was only discovered after the entry of the default judgment against Defendant Datavision and only after conducting discovery in aid of execution on that judgment. The judgment was entered on March 5, 2005, and Plaintiff moved for leave to amend on May 6, 2005. If Defendant Datavision had elected to defend the suit brought against it, certainly this same information would have become available to Plaintiff during discovery, and Plaintiff would have been able to incorporate this new evidence into its case. Datavision did not respond to or defend against the initial complaint and it has filed no

response to the motions to amend.  Under the circumstances we can see no undue prejudice to Defendant Datavision by allowing amendment.  Therefore, we will vacate the judgment entered by default on March 2, 2005, and grant Plaintiff leave to file the proposed First Amended Complaint as to Defendant Datavision.

> **B.     Amendment Following a Dismissal of the Complaint as to Defendants Barr and Speese – Count III**

Count III of the Verified Complaint was brought against Defendants Datavision, Barr, and Speese.  Defendants Barr and Speese filed motions to dismiss Count III and Count IV of the Verified Complaint.  Those motions were granted on April 26, 2005.  (Doc. No. 17.)  We specifically found that Plaintiff had failed to plead fraud in Count III with the particularity required by Fed. R. Civ. P. 9(b).  (*Id*.)  Plaintiff now submits a revised Count III that pleads fraud with greater particularity.  Plaintiff has cited newly acquired information in support of Count III.  (*See* Doc. No. 22, Ex. 1 ¶¶ 105-06, 108, 113.)  We note, however, that several of the revisions that help the revised Count III survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss are based on information that was available to Plaintiff prior to the initial dismissal, and probably at the time that the Verified Complaint was filed.  (*See* Doc. No. 22, Ex. 1 ¶¶ 107, 112, 114.)

In any event, Rule 15(a) allows a party to move to amend a complaint to cure a defect in the original complaint.  *See Foman*, 371 U.S. at 181 (outlining the standard under which Rule 15 permits amendment in a case in which the defendant's motion to dismiss was initially entirely granted and Plaintiff wished to amend her complaint to cure defects within it).   Rule 15(a) permits  amendment of a complaint as a matter of right until a responsive pleading has been filed.  In this case, a responsive pleading has not been filed since "a motion to dismiss is not a responsive pleading." *Kelly v. Delaware River Joint Comm'n*, 187 F.2d 93, 94 (3d Cir. 1951).

However, the Third Circuit has observed that once a motion to dismiss has been granted, "a construction of Rule 15(a) which would permit amendment until the end of time is a most implausible one for there could never be an end to a litigation." *Id.*  Accordingly, rather than allowing amendment as a matter of right after the granting of a motion to dismiss, the Third Circuit has advised that district courts have discretion to decide to vacate or set aside a judgment of dismissal provided that leave to amend is requested within a reasonable period of time. *Id.*  In this case, the motion for leave to amend was brought within ten days after the grant of dismissal. This is a reasonable period of time.  We will therefore vacate the order of April 26, 2005, which granted the motion to dismiss filed by Defendants Barr and Speese.

      Looking now to the Rule 15(a) standards discussed above, clearly there is no evidence here of bad faith, undue delay or prejudice which would justify the denial of Plaintiff's Motion. Defendant Speese argues that Plaintiff was put on notice of the deficiency in its Verified Complaint by the motions to dismiss and that Plaintiff should have remedied the deficiency at that time.  Defendant suggests that waiting until the motion to dismiss was decided caused undue delay.  Failure to amend at the time Defendants responded to Plaintiff's Verified Complaint does not create undue delay.  It was certainly not improper for Plaintiff to wait for the Court's decision on the Motion before requesting leave to amend.  The Third Circuit has held that "mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. . . .  In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton*, 252 F.3d at 273 (internal citations omitted).  Moreover, Plaintiff moved to amend promptly after dismissal of its claims against Defendants Barr and Speese.  Plaintiff was not dilatory.

      Plaintiff also did not unduly delay in adding Terrence O'Neill as a Defendant.  Plaintiff

asserts that information upon which the adding of O'Neill was based was not made available to it until it began to conduct discovery following the default judgment against Defendant Datavision in March 2004.  Plaintiff makes reference in its Motion for Leave to Further Amend its Verified Complaint (Doc. No. 22 at 3) to information gathered at the end of May 2005 which implicated O'Neill.  The motion to amend was filed on June 2, 2005.  This is hardly undue delay.

Defendant Barr argues that amending the Complaint is futile since the amendment will not save Plaintiff's fraud claim.  We disagree.  Certainly, the Supreme Court has recognized that the futility of an amendment is grounds for denial of leave to amend, *Foman*, 371 U.S. at 182; however, in this instance Plaintiff has revised Count III to include specific information so that Count III may now survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

Finally, no undue prejudice is caused to Defendants Barr and Speese by allowing Plaintiff to amend the Complaint with the proposed Count III.  "In order to make the required showing of prejudice, regardless of the stage of the proceedings, [the non-moving party] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed."  *Dole*, 921 F.2d at 488.  Here, Defendants were on notice from the date of the filing of the original Complaint that they would have to defend against the claims in Count III.  The granting of Defendants' motions to dismiss simply created a short delay.  We see no impediment to Defendants' ability to defend against the claims that arise as a result of the motion to amend.  "It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities."  *Foman*, 371 U.S. at 181.  We conclude that the granting of leave to amend Count III of the complaint with regard to Defendants Speese and Barr is appropriate.

### C.     Addition of Count IV Against Defendant Speese

Plaintiff's proposed Count IV of the First Amended Complaint is an entirely new breach of contract allegation against Defendant Speese.  It claims that Speese personally guaranteed the debts of Defendant Datavision.  This claim relies on a document that Defendant Speese asserts was in the possession of Plaintiff, by Plaintiff's own admission, at the time it was advancing credit to Defendant Datavision.  (Doc. No. 24 at 6.)  Speese argues that Plaintiff waited eight months after filing the Verified Complaint to bring this claim.  Speese characterizes Plaintiff's delay in bringing the claim as "puzzling" since it was aware of the guarantee well before filing the Complaint.  He contends that it would be unjust to permit Plaintiff to amend under these circumstances.

In cases where there has been some delay in bringing a claim, "the moving party bears the burden of proof in explaining the reasons for delay in seeking leave to amend." *Tarkett Inc. v. Congoleum Corp.*, 144 F.R.D. 289, 290 (E.D. Pa. 1992).  Plaintiff does not explain the delay in bringing this claim.  However, contrary to Defendant Speese's allegation, there may not have been any delay here at all.  The Individual Personal Guarantee signed by Speese states that Speese "personally guarantees and promises to pay any obligation to ScanSource on demand for any indebtedness of Datavision Inc. to ScanSource which may come due."  Obviously ScanSource looked to Datavision first to collect the debt.  When Datavision "failed to plead or otherwise defend" and default judgment was entered against it, ScanSource determined that they would have to look to Speese who had guaranteed the obligation for payment.  The motion for leave to amend was brought only two months after the default judgment was entered and the debt came due.  We are satisfied that Plaintiff's conduct here was not dilatory and any delay does not

justify the denial of the motion to amend.

Defendant Speese argues that Count IV is also futile because it demands, among other things, punitive damages. He argues that in Pennsylvania "punitive damages are not recoverable in an action based solely on breach of contract." We agree. This does not mean, however, that Plaintiff's request for leave to file an amended complaint should be denied as futile. Plaintiff has requested "compensation and consequential damages" and "prejudgment and post judgment interest," against Speese based upon the guarantee agreement and other relief that the Court may deem just and proper. This is sufficient. Plaintiff's claim for punitive damages may be stricken at the appropriate time.

Finally, allowing Plaintiff to amend its Complaint with this new Count IV does not impose any undue prejudice on Defendant Speese. Speese has been well aware of his obligations under this document for some time. He signed the guarantee in 1995 and Plaintiff sent a copy of it to him some time around December 2004. He has been on notice of the claim. Amending the Complaint at this juncture does not deny Speese the opportunity to properly and fully defend himself against this claim. There is no undue prejudice as a result of Plaintiff filing its proposed First Amended Complaint.

Based upon the forgoing, Plaintiff will be granted leave to file its First Amended Complaint.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCANSOURCE, INC., | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 04-4271 |
| DATAVISION-PROLOGIX, INC., | : | |
| PAUL J. SPEESE, and | : | |
| EDWARD BARR, | : | |

**SURRICK, J.**                                                                              **APRIL  8 , 2009**

## ORDER

AND NOW, this  8th  day of April, 2009, upon consideration of the Motion of Plaintiff ScanSource, Inc. for Leave to Amend Verified Complaint Pursuant to Fed. R. Civ. P. 15(a) (Doc. No. 18) and the Motion of ScanSource, Inc. for Leave to Further Amend Its Verified Complaint (Doc. No. 21), and all papers submitted in support thereof and in opposition thereto, it is ORDERED that Plaintiff's Motions are GRANTED.  Plaintiff shall file the First Amended Complaint within ten (10) days of the date hereof.

IT IS SO ORDERED.

BY THE COURT:

_/s/ C.S.H._

_____
R. Barclay Surrick, Judge